UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| TRAVIS CUNNINGHAM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 3:11-CV-483-TLS |
| v. | ) | |
| | ) | |
| RICHARD MAUGHMER and LISA SWAIM, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Travis Cunningham, a prisoner proceeding *pro se*, submitted a Prisoner Complaint under 42 U.S.C. § 1983 [ECF No. 1]. Pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted).

This lawsuit stems from a criminal case in Cass County in which Cunningham was convicted of drug offenses. Documents he attaches to the Complaint indicate that on November 1, 2010, his probation was revoked and the court reinstated a 3,082 day suspended sentence. (Compl. 1.) Cunningham was represented by counsel at this hearing. (*Id.*) Cunningham claims that Judge Richard Maughmer orally "promised" that if Cunningham completed a particular program while in prison, his sentence would be modified to time-served. Cunningham claims that he completed the program in October 2011, but Judge Maughmer denied his subsequent motions to modify his sentence. He is suing the judge for $40,000 for "breach of contract." (Compl. 5.)

Cunningham's breach of contract claim cannot proceed because Judge Maughmer is entitled to absolute judicial immunity for his actions in connection with Cunningham's criminal case. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (a judge is entitled to absolute immunity for judicial acts regarding matters within his jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors"). This immunity applies even if the judge erred in denying Cunningham's motions. *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005). Cunningham's remedy was "through appellate process," not a civil rights lawsuit. *Id.* at 661. Because Judge Maughmer cannot liable for the misconduct alleged, this claim must be dismissed.

Cunningham also sues Lisa Swaim, the prosecutor assigned to his case. He seeks $40,00 from her as well on the ground that she broke her promise to him by declining to support his motions for sentence modification. Swaim is entitled to prosecutorial immunity for her actions taken in connection with Cunningham's criminal case. *Imbler v. Pachtman,* 424 U.S. 409, 431

(1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'") (quoting *Imbler*, 424 U.S. at 430). The Complaint does not assert a plausible claim against Swaim based on her failure to support Cunningham's request for modification of his sentence, and the claim must be dismissed.

For the reasons stated above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on December 21, 2011.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION